**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Nelson,<br><br>               Plaintiff,<br><br>v.<br><br>Laurence A. Hecker, Esq.,<br><br>               Defendant. | Civil Action No.: _____ |

**COMPLAINT**

For this Complaint, the Plaintiff, William Nelson, by undersigned counsel, states as follows:

**JURISDICTION**

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3.    Plaintiff, William Nelson (hereafter "Plaintiff"), is an adult individual residing at 45 Perham Street, W. Roxbury, MA 02132, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Laurence A. Hecker, Esq. (hereafter "Defendant"), is an attorney who has been admitted in the state of New Jersey, has a principal place of business at 109 Division Street, Toms River, NJ 08753, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      On more than one occasion and after being asked not to, the Defendant contacted Plaintiff's sister at her home, leaving abusive messages and claiming the same rights as police officers to call people without confirming or correcting location information, in violation of 15 U.S.C. § 1692b(1), b(3), e(1)

10.     The Defendant informed Plaintiff's sister of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

11.     Plaintiff's sister was left abusive messages from Defendant's agents.

12.     The Defendant contacted Plaintiff's father at his place of business without confirming or correcting location information, on more than one occasion and after being asked not to, in violation of 15 U.S.C. § 1692b(1) and b(3).

13.     The Defendant informed Plaintiff's father of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

14.     The Defendant repeatedly left abusive messages for Plaintiff, in violation of 15 U.S.C. § 1692d(2).

15.     The Defendant called Plaintiff every day which annoyed and harassed Plaintiff, in violation of 15 U.S.C. § 1692d(5).

16.     The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4), (5).

17.     The Defendant stated that they were a debt collection agency that works closely with a law firm, in violation of 15 U.S.C. § 1692e(14).

18.     Plaintiff was never sent a debt collection letter to inform him of any of the following: the debt, the name and address of the original creditor, Plaintiff's right to dispute the debt within thirty days, and Plaintiff's right to have verification and judgment mailed to Plaintiff, all in violation of 15 U.S.C. § 1692g(a)(1)-(5).

19.     Despite having not validated the debt, the Defendant continued collection efforts, in violation of 15 U.S.C. § 1692g(b).

20.     Thereafter, the Plaintiff retained the services of an attorney and informed the Defendant that he was now represented by counsel.

21.     The Defendant contacted the Plaintiff's attorney, who affirmed the fact that the Plaintiff was represented by counsel.

22.     Nevertheless, the Defendant continued attempts to collect the debt from the Plaintiff, despite having knowledge that the Plaintiff was now represented by an attorney.

23.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

26.     The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

27.     The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

28.     The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

29.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

30.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31.     The Defendant falsely represented to the Plaintiff that it was affiliated with the United States or a government entity, in violation of 15 U.S.C. § 1692e(1).

32.     The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33.     The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

34.     The Defendant used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

35.     The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

36.     The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

37.     The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

38.     The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

39.     The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

40.     The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

41.     The Defendant continued contacting the Plaintiff despite having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

42.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*

44.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

46.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

49.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

50.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls several times per day, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

51.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

52.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

53.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

54.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 11;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 31, 2009

Respectfully submitted,

By: _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671