UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM H. NELSON and | * | |
| WILLIAM E. NELSON, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 09-10513-JLT |
| | * | |
| LAURENCE A. HECKER, | * | |
| | * | |
| Defendant. | * | |

ORDER

April 28, 2010

TAURO, J.

Plaintiffs initiated this suit for damages based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA") and the Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A § 2 ("Chapter 93A"). On November 24, 2009, Plaintiffs accepted Defendant's Offer of Judgment pursuant to Fed. R. Civ. P. 68 and this court subsequently entered a judgment for Plaintiffs in the amount of $2001.00 plus attorney's fees and costs. Presently at issue is Plaintiff's Motion for Attorney's Fees and Costs [#24]. Plaintiff seeks an award of $10,875.00 in attorney's fees and $420.00 in costs. Defendant opposes the motion on the grounds that the award sought is excessive.

Under the FDCPA and Chapter 93A, Plaintiffs, as the prevailing parties,[1] are entitled to

---

[1] For a party to be considered "prevailing" as that term is used by fee-shifting statutes, "there must be a 'material alteration of the legal relationship of the parties' and there must be 'judicial imprimatur on the change.'" Smith v. Fitchburg Publ. Schools, 401 F.3d 16, 22 (1st Cir. 2005) (quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human

1

receive from the Defendant the costs of the action, together with a reasonable attorney's fee as determined by the court.[2]  "The lodestar method is the strongly preferred method by which district courts should determine what fees to award to prevailing parties."[3]  To implement the lodestar method, the court begins by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.[4]  The resulting amount constitutes the lodestar.

Though the trial court may fashion a lodestar which differs substantially from the fee requested by the prevailing party by eliminating duplicative or unproductive hours or assigning a more realistic rate to time spent, "deviation from an orthodox application of the method is permissible [only] in highly unusual situations [and] a fee-awarding court shuns the tried-and-true approach at its peril."[5] This court notes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified."[6]  And even then, the court is only at liberty to adjust fees in accordance with the twelve factors set forth in Johnson v. Georgia

---

Res., 532 U.S. 598, 604-05 (2001)); see also Doe v. Boston Pub. Schools, 358 F.3d 20, 25 (1st Cir. 2004).  Where, as here, Plaintiffs have received a judgment on the merits pursuant to an Offer of Judgment by the Defendant, Plaintiffs are the prevailing parties.  Notably, Defendant does not dispute that Plaintiffs are entitled to an award of attorney's fees as the prevailing parties.  Rather, Defendant opposes Plaintiff's Motion for Attorney's Fees as being excessive in the award sought.

[2]See 15 U.S.C. § 1692k(a)(3); Mass. Gen. Laws c. 93A §9(4).

[3]Coutin v. Young & Rubicam P.R., 124 F.3d 331, 337 (1st Cir. 1997) (reviewing an award of attorney's fees pursuant to the fee-shifting provision in 42 U.S.C. § 1988); Malone v. Hecker, 2007 U.S. Dist. LEXIS 86910, at *3 (D. Mass. Nov. 27, 2007).

[4]Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

[5]Coutin, 124 F.3d at 337.

[6]United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989) (citing Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 118 (3d Cir. 1976)).

Highway Express[7] and subsequently embraced by the First Circuit.[8]

In accordance with the procedure laid out above, this court starts by calculating the lodestar amount. To determine the reasonable hourly rate to be applied "[i]n the fee-shifting context, a district court's primary concern is with the market value of counsel's services. Thus, the rate that private counsel actually charges for [his] services, while not conclusive, is a reliable indicium of market value."[9] Accordingly, it is proper for the district court to rely on the attorney's customary billing practices in arriving at a reasonable hourly rate for the attorney's services.[10]

Here, Plaintiff's contemporaneous billing records set forth the rate of $125.00 per hour for administrative work or work performed by a paralegal. Where an attorney performed paralegal or administrative work, the attorney's time was billed at the paralegal rate of $125.00 per hour. The work of two associates working underneath the lead attorney in the matter was billed at $275.00 per hour and the work of lead counsel was billed at his standard hourly rate of $350.00 per hour. Because these are the standard rates charged by Plaintiff's counsel, an active and experienced

---

[7] 488 F.2d 714, 717-19 (5th Cir. 1974).

[8] Coutin 124 F.3d at 337 n.3. Those factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases.

[9] United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 28 (1st Cir. 2008) (citing cases).

[10] See id. at 41.

lawyer in consumer matters, and because Defendant does not challenge Plaintiff's hourly rates, this court finds the rates set forth in counsel's contemporaneous billing records to be reasonable.

Defendant's primary challenge to Plaintiff's counsel's calculation of attorney's fees centers around certain entries in the contemporaneous billing records that Defendant believes to be excessive. In essence, Defendant claims that Plaintiffs' counsel took too long to complete some of the tasks related to this litigation. Defendant is correct that this case was not particularly complex. But this court has closely reviewed the entries in Plaintiffs' counsel's contemporaneous billing records and finds them to be reasonable, with the exception of 1.4 hours spent reviewing and researching Defendant's Motion to Disqualify Plaintiff's Counsel after this motion was rendered moot by Plaintiffs' acceptance of the Offer of Judgment.

Having determined that Plaintiffs' counsel's standard billing rates are reasonable and that the hours expended on this matter were also reasonable with the exception set forth above, this court adopts and incorporates by reference the contemporaneous billing records submitted by Plaintiffs in connection with the pending Motion for Attorney's Fees and Costs. In arriving at the lodestar amount, however, this court subtracts $490.00 from counsel's figure of $10,875.00 to account for the 1.4 hours of unproductive time spent reviewing the mooted Motion to Disqualify. The lodestar amount is, therefore, $10,385.00.

Defendant next asks this court to reduce the lodestar amount "by 50% based on the unexceptional nature of the work required."[11] As this court noted above, this case was not particularly complex. Nonetheless, this court is satisfied, given the reasonableness of the both the hourly rates and the hours expended by Plaintiffs' counsel, that the lodestar amount is

---

[11]See Def.'s Opp. Pl.'s Mot. Attorney's Fees, 4.

4

commensurate with the nature of the work.[12]  In light of the foregoing, this court can discern no "highly unusual situation"[13] in this case, which would make it appropriate to depart from the lodestar amount in awarding attorney's fees.

Lastly, this court finds, and Defendant does not dispute, that Plaintiff's assessment of $420.00 in costs for the filing fee and service of the summons and complaint is also reasonable. Accordingly, Plaintiff's Motion for Attorney's Fees and Costs [#24] is ALLOWED.  Plaintiff is hereby awarded $10,385.00 in attorney's fees and $420.00 in costs.

IT IS SO ORDERED.

                                            /s/ Joseph L. Tauro
                                            United States District Judge

---

[12] This court notes that it is not unusual for awards of fees in consumer protection cases to far exceed the amount of damages awarded.  See, e.g., Malone v. Hecker, 2007 U.S. Dist. LEXIS 86910, at *3 (D. Mass. Nov. 27, 2007); City of Riverside v. Rivera, 477 U.S. 561, 574 (1986). Defendant contends that these cases are inapposite because the damage awards resulted from jury trials.  This court, however, relies on these cases as examples of the fact that fee awards often drastically outsize the amount of damages, not as indicators of the appropriate fee award in this case.

[13] Coutin, 124 F.3d at 337.